IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Catrina Halbert, n/k/a Epps, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Creditors Interchange Receivable Management, LLC, a Delaware limited liability company, <br><br> Defendant. | No. 09 C 6207 <br><br><br><br> Jury Demanded |

### CLASS ACTION COMPLAINT

Plaintiff, Catrina Halbert, n/k/a Epps, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Catrina Halbert, f/k/a Epps ("Halbert"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed originally to Sterling Jewelers.

4. Defendant, Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, CIRM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Halbert.

5. Defendant CIRM is licensed to conduct business in Illinois, and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant CIRM is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7. Defendant CIRM sent Ms. Halbert an initial form collection letter, dated October 24, 2008, demanding payment of a delinquent consumer debt that she had originally owed to Sterling Jewelers, which account was then apparently owed to one of two bad debt buyers – either Resurgent Capital Services or LVNV Funding. Specifically, the letter referred to "Your account with: RESURGENT CAPITAL SERVICES, LP", and stated that "RESURGENT CAPITAL SERVICES LP has placed your account for collection", that "RESURGENT CAPITAL SERVICES LP has advised us that interest will continue to accrue on your account as provided for in your agreement with the original credit grantor", and that the "Credit holder" was

"RESURGENT CAPITAL SERVICES LP".  However, this collection letter also stated that a different company was the "Current Creditor: LVNV Funding, LLC".  This letter is attached as Exhibit C.

8. All of Defendant CIRM's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9. The language Defendant CIRM's used in its form collection letter to Ms. Halbert is to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692g(a)(2)
## Failure To Effectively Identify The Creditor

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, CIRM must provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

12. Defendant CIRM's form collection letter leaves anyone, let alone the unsophisticated consumer, with no idea as to who was the creditor actually is – LVNV, who is mentioned once, or Resurgent who is mentioned three times.  Accordingly, Defendant CIRM's October 24, 2008 letter (Exhibit C), fails to advise Ms. Halbert effectively of the name of current creditor, in violation of § 1692g(a)(2) of the FDCPA.

13. Defendant CIRM's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA -**
**Making False Statements**

14. Plaintiff adopts and realleges ¶¶ 1-9.

15. Section 1692e of the FDCPA prohibits Defendant CIRM from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

16. Defendant CIRM's form collection letter falsely stated that Ms. Halbert had an account with Resurgent Capital Services LP, when, in fact the account was actually owned by LVNV Funding. Thus, Defendant CIRM's statements as to the identity of the current creditor were false, deceptive or misleading in violation of § 1692e of the FDCPA.

17. Defendant CIRM's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

18. Plaintiff, Catrina Halbert, n/k/a Epps, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant CIRM attempted to collect a delinquent consumer debt, via the same form collection letter (Exhibit C), Defendants sent to Plaintiff, from one year before the date of this Complaint to the present, as to which the letter referred to Resurgent Capital Services as the "credit holder" and LVNV Funding as the "current creditor". This action seeks a declaration that Defendant CIRM's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19. Defendant CIRM regularly engages in debt collection, using the same form collection letter it sent Plaintiff Halbert, in its attempts to collect delinquent consumer debts from other persons.

20. The Class consists of more than 35 persons from whom Defendant CIRM attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Halbert.

21. Plaintiff Halbert's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff Halbert will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant CIRM's conduct was perpetrated on all members of the Class and will be

established by common proof. Moreover, Plaintiff Halbert has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Catrina Halbert, f/k/a Epps, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Halbert as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant CIRM's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Halbert and the Class, and against Defendant CIRM, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Catrina Halbert, f/k/a Epps, demands trial by jury.

Catrina Halbert, f/k/a Epps,

By: /s/ David J. Philipps  
One of Plaintiff's Attorneys

Dated: October 5, 2009

David J. Philipps   (Ill. Bar No. 06196285)  
Mary E. Philipps   (Ill. Bar No. 06197113)  
Philipps & Philipps, Ltd.  
9760 S. Roberts Road  
Suite One  
Palos Hills, Illinois 60465  
(708) 974-2900  
(708) 974-2907 (FAX)  
davephilipps@aol.com  
mephilipps@aol.com

6